Judith Lockhart, Esq.
Gerald Griffin, Esq.
Pamela S. Shelinsky, Esq.
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
(212) 732-3200
*Attorneys for Defendant Home Loan Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
DLJ MORTGAGE CAPITAL, INC.,                  :    Index No.: 07 CV 4167
                                             :
                           Plaintiff,        :    ANSWER
                                             :
            - against -                      :
                                             :
HOME LOAN CORPORATION D/B/A                  :
EXPANDED MORTGAGE CREDIT,                    :
                                             :
                           Defendant.        :
-------------------------------------------------------------- x

Home Loan Corporation ("Home Loan"), by its attorneys Carter Ledyard & Milburn LLP, for its Answer to the Complaint filed by DLJ Mortgage Capital, Inc. ("DLJMC") states as follows:

**JURISDICTION AND VENUE**

1.      The allegations contained in paragraph 1 of the Complaint call for legal conclusions to which no response is necessary.

2.      The allegations contained in paragraph 2 of the Complaint call for legal conclusions to which no response is necessary.

**THE PARTIES**

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

6204004.3

4. Admits the allegations set forth in Paragraph 4 of the Complaint.

## FACTUAL ALLEGATIONS

5. Admits entering into a Seller's Purchase, Warranties and Interim Servicing Agreement dated June 1, 2001, and respectfully refers the Court to that agreement for the terms and conditions set forth therein.

6. Admits entering into an Amended and Restated Seller's Purchase, Warranties and Interim Servicing Agreement dated April 1, 2005, and respectfully refers the Court to that agreement for the terms and conditions set forth therein.

7. Admits entering into a Mortgage Loan Purchase and interim Servicing Agreement dated June 1, 2004, and respectfully refers the Court to that agreement for the terms and conditions set forth therein.

8. Admits entering into an Amended and Restated Mortgage Loan Purchase and interim Servicing Agreement dated April 1, 2005, and respectfully refers the Court to that agreement for the terms and conditions set forth therein.

9. Admits entering into a second Amended and Restated Mortgage Loan Purchase Agreement dated January 1, 2006, and respectfully refers the Court to that agreement for the terms and conditions set forth therein.

10. Denies the allegations set forth in Paragraph 10 of the Complaint, except admits entering into the agreements referred to in paragraphs 5 and 6 above (the "Seller's Purchase Agreements") and the agreements referred to in paragraphs 7, 8, and 9 above (the "Mortgage Loan Purchase Agreements"), and respectfully refers the Court to those agreements for the terms and conditions set forth therein.

11. Denies the allegations set forth in Paragraph 11 of the Complaint.

12. Denies the allegations set forth in Paragraph 12 of the Complaint, except admits entering into the Seller's Purchase Agreements, and respectfully refers the Court to Sections 3.05 of those agreements for the sections' terms and conditions.

13. Denies the allegations set forth in Paragraph 13 of the Complaint.

14. Denies the allegations set forth in Paragraph 14 of the Complaint, except admits that DLJMC requested that Home Loan repurchase certain mortgages that Home Loan sold to DLJMC pursuant to the Seller's Purchase Agreements.

15. Denies the allegations set forth in Paragraph 15 of the Complaint, except admits that it has not repurchased certain mortgages sold to DLJMC pursuant to the Seller's Purchase Agreements.

16. Denies the allegations set forth in Paragraph 16 of the Complaint, except admits entering into the Mortgage Loan Purchase Agreements, and respectfully refers the Court to Sections 8.04 of those agreements for the sections' terms and conditions.

17. Denies the allegations set forth in Paragraph 17 of the Complaint.

18. Denies the allegations set forth in Paragraph 18 of the Complaint, except admits that DLJMC requested that Home Loan repurchase certain mortgages that Home Loan sold to DLJMC pursuant to the Mortgage Loan Purchase Agreements.

19. Denies the allegations set forth in Paragraph 19 of the Complaint, except admits that it has not repurchased certain mortgages sold to DLJMC pursuant to the Mortgage Loan Purchase Agreements.

20. Denies the allegations set forth in Paragraph 20 of the Complaint, except admits entering into the Seller's Purchase Agreements, and respectfully refers the Court to Sections 8.01 of those agreements for the sections' terms and conditions.

21. Denies the allegations set forth in Paragraph 21 of the Complaint, except admits entering into the Mortgage Loan Purchase Agreements, and respectfully refers the Court to Sections 13.01 of those agreements for the sections' terms and conditions.

### FIRST CLAIM FOR RELIEF

22. To the extent that paragraph 22 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "21" of the Complaint, Home Loan repeats and realleges its prior responses thereto.

23. Denies the allegations set forth in Paragraph 23 of the Complaint, except admits entering into the Seller's Purchase Agreements, and respectfully refers the Court to Sections 2 of those agreements for the sections' terms and conditions.

24. Denies the allegations set forth in Paragraph 24 of the Complaint, except admits entering into the Seller's Purchase Agreements, and respectfully refers the Court to Sections 3.05 of those agreements for the sections' terms and conditions.

25. Denies the allegations set forth in Paragraph 25 of the Complaint, except admits that DLJMC requested that Home Loan repurchase certain mortgages that Home Loan sold to DLJMC pursuant to the Seller's Purchase Agreements.

26. Denies the allegations set forth in Paragraph 26 of the Complaint, except admits that it has not repurchased certain mortgages sold to DLJMC pursuant to the Seller's Purchase Agreements.

27. Denies the allegation set forth in Paragraph 27 of the Complaint.

28. Denies the allegations set forth in Paragraph 28 of the Complaint.

## SECOND CLAIM FOR RELIEF

29. To the extent that paragraph 29 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "28" of the Complaint, Home Loan repeats and realleges its prior responses thereto.

30. Denies the allegations set forth in Paragraph 30 of the Complaint, except admits entering into the Mortgage Loan Purchase Agreements, and respectfully refers the Court to Sections 2 of those agreements for the sections' terms and conditions.

31. Denies the allegations set forth in Paragraph 31 of the Complaint, except admits entering into the Mortgage Loan Purchase Agreements, and respectfully refers the Court to Sections 8.04 of those agreements for the sections' terms and conditions.

32. Denies the allegations set forth in Paragraph 32 of the Complaint, except admits that DLJMC requested that Home Loan repurchase certain mortgages that Home Loan sold to DLJMC pursuant to the Mortgage Loan Purchase Agreements.

33. Denies the allegations set forth in Paragraph 33 of the Complaint, except admits that it has not repurchased certain mortgages sold to DLJMC pursuant to the Mortgage Loan Purchase Agreements.

34. Denies the allegations set forth in Paragraph 34 of the Complaint.

35. Denies the allegations set forth in Paragraph 35 of the Complaint.

## THIRD CLAIM FOR RELIEF

36. To the extent that paragraph 36 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "35" of the Complaint, Home Loan repeats and realleges its prior responses thereto.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations set forth in Paragraph 38 of the Complaint.

39. Denies the allegations set forth in Paragraph 39 of the Complaint.

## FOURTH CLAIM FOR RELIEF

40. To the extent that paragraph 40 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "39" of the Complaint, Home Loan repeats and realleges its prior responses thereto.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations set forth in Paragraph 42 of the Complaint.

43. Denies the allegations set forth in Paragraph 43 of the Complaint.

## FIFTH CLAIM FOR RELIEF

44. To the extent that paragraph 44 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "43" of the Complaint, Home Loan repeats and realleges its prior responses thereto.

45. Denies the allegations set forth in Paragraph 45 of the Complaint, except admits entering into the Seller's Purchase Agreements, and respectfully refers the Court to Sections 8.01 of those agreements for the sections' terms and conditions.

46. Denies the allegations set forth in Paragraph 46 of the Complaint.

47. Denies the allegations set forth in Paragraph 47 of the Complaint.

## SIXTH CLAIM FOR RELIEF

48. To the extent that paragraph 48 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "47" of the Complaint, Home Loan repeats and realleges its prior responses thereto.

49. Denies the allegations set forth in Paragraph 49 of the Complaint, except admits entering into the Mortgage Loan Purchase Agreements, and respectfully refers the Court to Sections 13.01 of those agreements for the sections' terms and conditions.

50. Denies the allegations set forth in Paragraph 50 of the Complaint.

51. Denies the allegations set forth in Paragraph 51 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

52. The Complaint should be dismissed, in whole or in part, because it fails to state any claims upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

53. The Complaint should be dismissed, in whole or in part, because of DLJMC's material breaches of its agreements with Home Loan.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

54. DLJMC and/or its agents breached its obligation to Home Loan by failing to properly service loans while such loans were within its control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

55. The Complaint should be dismissed, in whole or in part, because DLJMC breached its implied covenant of good faith and fair dealing.

6204004.3

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

56. The Complaint should be dismissed, in whole or in part, based on the doctrine of waiver and/or estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

57. The Complaint should be dismissed, in whole or in part, based on the doctrine of laches.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

58. The Complaint should be dismissed, in whole or in part, because of DLJMC's unclean hands.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

59. The Complaint should be dismissed, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

60. This court lacks personal jurisdiction over Home Loan.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

61. The Complaint should be dismissed, in whole or in part, because DLJMC has not incurred any damages or has failed to mitigate its damages.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

62. The Complaint should be dismissed, in whole or in part, because Home Loan has not caused the damages alleged by DLJMC.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

63. To the extent DLJMC has suffered any damages, such damages are the result the acts or omissions of DLJMC and/or third parties over whom Home Loan had no control.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

64.     DLJMC's claims for attorney's fees and costs results in whole or in part from wrongful conduct by DLJMC wherein it has created it own damages and thus the award of such fees and costs would be improper.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

65.     The Complaint should be dismissed, in whole or in part, based on the doctrine of accord and satisfaction and/or release.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

66.     Home Loan reserves the right to assert additional defenses based on further discovery in this action.

WHEREFORE, Home Loan respectfully requests that this Court:

(a)     Enter a judgment in favor of Home Loan dismissing the Complaint with prejudice and awarding Home Loan its costs; and

(b)     Award Home Loan such other and further relief as is just and proper.

Dated: July 24, 2007

CARTER, LEDYARD & MILBURN LLP

_____
Judith Lockhart
Gerald Griffin
Pamela S. Shelinsky
2 Wall Street
New York, New York 10005
(212) 732-3200

*Attorneys for Defendant Home Loan Corporation*

6204004.3